# 2004 DTA 101

### TRIBUNAL DE CIRCUITO DE APELACIONES
### REGIÓN JUDICIAL DE PONCE

EL PUEBLO DE PUERTO RICO
Recurrido

v.

ISMAEL ORTIZ REYES
Peticionario

Núm. KLCE-04-00201

San Juan, Puerto Rico, a 7 de mayo de 2004

Panel integrado por su Presidente, el Juez Brau Ramírez,
y los Jueces Hernández Torres y Martínez Torres

Hernández Torres, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos Ismael Ortiz Reyes (en adelante la parte peticionaria) y nos solicita la revisión de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (Hon. Miguel A. Santiago Gómez) el 24 de enero de 2004, notificada y archivada en autos el 26 de enero de 2004. En dicha sentencia, el Tribunal de Primera Instancia denegó la moción de reconsideración presentada por el peticionario, Ismael Ortiz Reyes, en la cual se solicitaba la inmediata devolución del arma de fuego y las municiones ocupadas de manera preventiva por la Policía de Puerto Rico.

Examinado el expediente ante nuestra consideración, así como el derecho aplicable, se **REVOCA** la resolución recurrida.

### I

El 11 de agosto de 2002, Ismael Ortiz Reyes fue denunciado por infracciones a los Artículos 3.2 y 3.3 de la Ley Núm. 54 del 15 de agosto de 1989, Ley para la Prevención e Intervención con la Violencia Doméstica, 8 L.P.R.A. 632 y 633, y el Artículo 52 de la Ley Núm. 342 de 16 de diciembre de 1999, Ley para el Amparo de Menores en el Siglo XXI, 8 L.P.R.A. 443q.

En las denuncias presentadas se determinó causa y se fijó una fianza de $5,000 en cada uno de los casos. El 6 de septiembre de 2002, el Honorable Tribunal encontró causa para acusar por cada uno de los delitos imputados.

Luego de que se presentaran las correspondientes acusaciones y de que concluyera el descubrimiento de prueba, se señaló vista en su fondo para el 26 de febrero de 2003.

Así las cosas, en juicio celebrado el 26 de febrero de 2003, el Tribunal de Primera Instancia declaró al acusado no culpable en cada uno de los cargos.

El 11 de junio de 2003, la parte aquí peticionaria presentó ante el Tribunal de Primera Instancia una moción solicitando la devolución del arma de fuego, las municiones y demás documentos. El 17 de julio de 2003, el tribunal emitió resolución, notificada el 22 de julio de 2003, en la cual declaró no ha lugar a la moción de devolución de arma presentada, bajo el fundamento de que la parte peticionaria aparecía en récord con dirección postal de Peñuelas y teléfono de Caguas.

El 22 de julio de 2003, la parte aquí peticionaria presentó ante el Tribunal de Primera Instancia, una moción en solicitud de reconsideración. El 3 de septiembre de 2003, el tribunal *a quo* emitió una resolución señalando vista para el 24 de septiembre de 2003.

Luego de celebrada la vista, el Foro de Instancia declaró no ha lugar la moción de reconsideración e informó a la parte peticionaria que si le demostraba que había algo en la Ley de Armas que le diera la razón y venía acompañado de abogado, reconsideraría su dictamen.

El 27 de octubre de 2003, la parte aquí peticionaria presentó ante el Tribunal de Primera Instancia una segunda moción de reconsideración para que se devuelva el arma de fuego. En dicha moción, el peticionario sostuvo su solicitud al amparo del Artículo 2.07 de la Ley Núm. 404 del 11 de septiembre de 2000, Ley de Armas de Puerto Rico, 25 L.P.R.A. 456f.

El 24 de noviembre de 2003, el foro de instancia emitió una resolución señalando vista en segunda reconsideración para el 22 de enero de 2004. El 23 de enero de 2004, el aquí peticionario acudió a la vista acompañado de su representación legal y reprodujeron ante el tribunal el planteamiento al amparo del Artículo 2.07 de la Ley de Armas, *supra,* argumento que fue rechazado nuevamente, declarando no ha lugar a la moción de reconsideración presentada.

Inconforme con la determinación, la parte peticionaria acude ante nos imputándole al foro de Instancia la comisión del siguiente error:

*"Erró el Tribunal de Primera Instancia al declarar no ha lugar la moción de reconsideración en la cual se solicitaba la devolución del arma de fuego, municiones y licencias relacionadas."*

El 15 de marzo de 2004, emitimos una orden de mostrar causa, dirigida al Procurador General, parte recurrida.

El 26 de abril de 2004, la parte recurrida, Procurador General, presentó escrito en cumplimiento de orden en la que expresó no tener objeción a la expedición del remedio solicitado.

Contando con el beneficio de la comparecencia de todas las partes y luego de estudiar el expediente y el derecho aplicable, se expide el auto de *certiorari.*

## II

El Artículo 2.11 de la Ley Núm. 404 del 11 de septiembre de 2000, Ley de Armas de Puerto Rico, 25 L.P.R.A. 456j, establece lo siguiente:

*"El Superintendente no expedirá licencia de armas ni el Secretario de Hacienda expedirá licencia de armero, o de haberse expedido, se revocarán y el Superintendente se incautará de la licencia y de las armas y municiones de cualquier persona que haya sido convicta, en o fuera de Puerto Rico, de cualquier delito grave o su tentativa, por conducta constitutiva de violencia doméstica según tipificada en las secs. 601 et seq. del Título 8, por conducta constitutiva de acecho según tipificada en las secs. 4013 a 4026 del Título 33, ni por conducta constitutiva de maltrato de menores según tipificada en las secs. 441 et seq. del Título 8."*

En el Artículo 2.07 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. 456f, se establece que:

*"Luego de una determinación de causa probable para el arresto, cualquier persona a la cual se le haya otorgado una licencia de armas, por la comisión de cualquiera de los delitos especificados en la sec. 456j de este título o de violaciones a las disposiciones de este capítulo, el tribunal suspenderá provisionalmente la licencia hasta la determinación final del procedimiento criminal. Disponiéndose, además, que el tribunal ordenará la ocupación inmediata de la totalidad de las armas y municiones del concesionario para su custodia en el depósito de armas y municiones de la Policía. De resultar el acusado con la determinación de no culpabilidad, final y firme, el juez ordenará la inmediata devolución de su licencia de armas y de las armas y municiones. Toda arma y municiones así devueltas, deberán entregarse en las mismas condiciones en que se ocuparon. El concesionario estará exento del pago por depósito. De resultar la acción judicial en una de culpabilidad, final y firme, el Superintendente revocará la licencia permanentemente y se incautará finalmente de todas sus armas y municiones."*

## III

En el caso de epígrafe, la parte peticionaria tenía una licencia de portar armas vigente al momento de ser acusado por infracciones a la Ley para la Prevención e Intervención con la Violencia Doméstica y a la Ley para el Amparo de Menores en el Siglo XXI. El arma fue entregada para custodia de la Policía de Puerto Rico como parte de las medidas cautelares a raíz de la acusación. Luego de culminado el proceso penal, en el cual la parte peticionaria resultó no culpable de ninguno de los cargos imputados, entraba en vigor la disposición legal que esboza el Artículo 2.07 de la Ley de Armas, *supra*. De dicha disposición legal, surge un mandato expreso el cual dispone que una vez culminado el procedimiento judicial con una determinación de no culpabilidad, de forma final y firme, el juez ordenará la inmediata devolución de las armas, municiones y licencias. Surge claramente de la letra del mencionado artículo que la devolución se efectuará de manera automática sin más requerimientos judiciales.

Dadas las circunstancias particulares de este caso, no se sustenta la negativa por parte del Tribunal de Primera Instancia en no devolver el arma de fuego, las municiones y demás licencias al peticionario de epígrafe. El Tribunal de Primera Instancia actuó de manera irrazonable y sin fundamentos legales que lo justifiquen, al privar a un ciudadano de un arma de fuego para la cual, luego de cumplir con unos requisitos, el Estado le otorgó el correspondiente permiso. Coincidimos en el planteamiento del Tribunal de Primera Instancia de que el portar un arma de fuego no es un derecho, pero no podemos perder de perspectiva el hecho de que una vez otorgado el permiso, para poder privarle del mismo se tiene que cumplir con el debido proceso de ley.

Por lo antes expuesto, este Tribunal considera que erró el Tribunal de Primera Instancia al declarar no ha lugar a la moción de reconsideración en la que se solicitaba la devolución del arma de fuego, las municiones y las licencias relacionadas.

## IV

Por los fundamentos antes expuestos, se **REVOCA** la resolución apelada, y se ordena al Tribunal de Primera Instancia la devolución inmediata del arma de fuego, las municiones y licencias relacionadas de conformidad a lo aquí dispuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General